# Pearson, *et al. v.* Mayor and Aldermen of the City of Birmingham.

### *Bill to Condemn Building.*

(Decided June 18, 1908.  47 South. 80.)

1. *Municipal Corporations; Streets; Nuisances; Equity; Jurisdiction.*—Equity has jurisdiction to abate a nuisance on the public streets of a city on a bill filed by the municipality.

2. *Same; Bill.*—Where the bill alleged that the building was adjacent to a public street and gave the number of the lot on which it was situated, and that the lot was situated on a certain street between named Avenues, and that said street was a public thoroughfare in the said city, it sufficiently ·shows that the nuisance complained of was within the corporate limits of the municipality.

3. *Same; Nuisance.*—The allegation that the building in question was unsafe, that the walls were out of plumb, that it was liable to fall at any time and was dangerous to passers by, sufficiently shows that it was a nuisance of a public nature.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the mayor and alderman of the city of Birmingham against R. H. Pearson and others to abate a public nuisance—an unsafe building on one of the streets therein. From a decree for complainant respondents appeal. Affirmed.

R. H. PEARSON and FRANK DEEDMEYER, for appellant. The city was not entitled to a mandatory injunction to abate the nuisance complained of.—1 High on Injunction, sec. 761; 5 N. J. E. (Greene) 530; 9 Ib. 89.

E. D. SMITH, for appellee. The bill sufficiently shows a public nuisance.—Wood on Nuisances, sec. 109. The city had the right to file a bill.—*Lord v. Mobile,*

113 Ala. 360; *Reed v. M. & A. of Birmingham,* 92 Ala. 339; *Webb v. Demopolis,* 95 Ala. 116; s. c. 87 Ala. 659.

SIMPSON, J.—The bill in this case was filed by the appellee against the appellant alleging that a certain building is unsafe and insecure, that the walls thereof are out of plumb and the building liable to fall, and that it is dangerous to passers by on the sidewalk, etc. The prayer is that said property be declared a public nuisance, that its use be prohibited, and it be abated. The appeal is from a decree overruling a demurrer to the bill.

It is settled by the decisions of our court that the courts of equity have jurisdiction to abate nuisances on the public streets, on bill filed by the municipality. —*City of Demopolis v. Webb,* 87 Ala. 659, 666, 667, 6 South. 408; *Reed v. Mayor & Aldermen of Birmingham,* 92 Ala. 339, 344, 9 South. 161; *Webb v. City of Demopolis,* 96 Ala. 116, 137, 13 South. 289, 21 L. R. A. 62. The second ground of demurrer, to wit, that it does not appear that the building complained of is in the corporate limits of Birmingham, it not sustained by the record. The second section of the bill states that the lot (giving its number) it situated on Twentieth street, between First and Second avenues; and the third section alleges that "the said Twentieth street is a public thoroughfare in the city of Birmingham."

The allegations of the bill show that the building in question is "unsafe, the walls out of plumb," that it is liable to fall at any time, and it is dangerous to passers-by, etc. These allegations show a nuisance of a public nature, which is a menace to the safety of the citizens.

The decree of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.